■ CITIBANK, N.A., Respondent, v PARK 100 CONDOMINIUM BOARD OF MANAGERS, Appellant, et al., Defendants. [738 NYS2d

849] —Order, Supreme Court, New York County (Barry Cozier, J.), entered on or about January 18, 2001, which, inter alia, declared in favor of plaintiff bank that its first mortgage on the subject condominium unit is prior to the lien thereon claimed by defendant condominium for unpaid common charges, and order, same court and Justice, entered on or about January 23, 2001, which, inter alia, directed that the condominium account to the temporary receiver for all rents it received for the subject unit after it purported to take title from the defaulting mortgagors/shareholders, unanimously affirmed, with one bill of costs.

A judgment of foreclosure and sale in favor of the bank was challenged by the condominium for lack of jurisdiction over it. The IAS court directed a traverse before a special referee, whereupon the bank moved for permission to discontinue as against the condominium. That motion was granted without prejudice to the bank's recommencing the action as against the condominium, and the condominium did not appeal. Accordingly, the prior judgment of foreclosure and sale remains in effect and unchallenged. We reject the condominium's claim that the instant action, which is the result of the bank's availing itself of the leave it was given to recommence as against the condominium, is itself a foreclosure action time-barred by the six-year limitations period in CPLR 213 (4). All that is in issue in this action is the parties' relative priorities to the proceeds of the foreclosure sale. The IAS court also correctly directed the condominium to account for all rents it collected from the date it purported to take title to the unit from the defaulting mortgagors/shareholders, even though such accounting would cover a period prior to the temporary receiver's appointment. Such collection of rents, at a time when the mortgage was not being paid, would have been unjustified at least to the extent the amount thereof exceeded the unit's common charges. Concur—Tom, J.P., Mazzarelli, Rosenberger, Wallach and Marlow, JJ.